## CONSTITUTIONALITY OF PROVISION FOR RECORDING CERTAIN CHATTEL MORTGAGES.

Circuit Court of Cuyahoga County.

AMOS BURT THOMPSON v. THE CHAGRIN FALLS ELECTRIC CO. ET AL.

Decided, January 19, 1906.

*Chattel Mortgages—When Valid if Recorded with County Recorder— Constitutional Law—Provision for Recording Certain Class of Mortgages Constitutional.*

1. Mortgages of real and personal property of telegraph, telephone or other like companies are valid when filed with the county recorder in counties in which the property intended to be covered thereby is situate, according to the provisions of Section 3256, Revised Statutes; and a mortgage so recorded operates as a valid lien upon the property of the company from the date the law became effective, notwithstanding the fact that the recording was at an earlier date.

2. Section 3256a, Revised Statutes, providing for the recording of mortgages of the real and personal property of telegraph, telephone and other like companies with the county recorder, is not class legislation and is constitutional.

*A. B. Thompson,* for plaintiff in error.

*C. L. Gates, Carr, Stearns & Chamberlain, E. P. Wilmot, White, Johnson, McCaslin & Cannon* and *Weed, Miller & Nason,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

This is a consolidation of five appeals, by divers cross-petitioners, from the judgment of the Court of Common Pleas of Cuyahoga County. The original action was begun to foreclose a real estate mortgage given by defendant to plaintiff. The issues between the original parties have all been disposed of and the mortgage indebtedness paid.

During the pendency of the action below, A. D. Pettibone, as trustee of another mortgage given by defendant, intervened and procured the appointment of a receiver of all of the property of the defendant. The basis of fact justifying his inter-

vention was that certain chattels covered by his mortgage were claimed by plaintiff to be fixtures and subject to the latter's mortgage. Other unsecured creditors of the defendant thereupon intervened, claiming that the receivership was general, and involved the administration of defendant's entire property as an insolvent for the benefit of all its creditors. The decree below provided for a sale of all the property, which was made accordingly, and the entire proceeds were ordered paid to the lienholders. On account of a deficiency of assets, the general creditors were left without any relief, and several of them appeal.

Pettibone, trustee, in this court moves to dismiss all the appeals because the appellants are not proper parties to the action, alleging that their claims were not connected with the transaction which is the subject-matter of the original suit. This motion must be overruled. Whether the receiver was rightly or wrongly appointed, the appointment was in fact made, and the plant was operated by him at a profit, producing a fund which is in the hands of the court for administration. Appellants are in fact parties with claims upon this fund. The circumstances of the appointment as shown by the transcript and original papers in the case, disclose, independently of the oral and other evidence adduced before us, that the receivership was intended by the court to be general, embracing the interest of all creditors secured and unsecured, and the decree holding Pettibone's mortgage valid most vitally affected the interests of all unsecured creditors.

On the merits the issue here is as to the validity of Pettibone's mortgage. It is claimed that it was a chattel mortgage and it appears that it was not filed with the township clerk of the township where the property was located and where the electric company had its principal place of business, but instead was recorded in the office of the recorder of Cuyahoga county.

Pettibone, trustee, relies however, first on the possession of the receiver being his possession, thus dispensing with the necessity of filing; but we have already shown that the receivership was as we think general, and therefore not to be construed as giving him who applied therefor such possession as he claims.

Second, Pettibone further relies on Section 3256a, Revised Statutes, passed, it is true, after this record was made but providing that:

"Such mortgage (referring to those mentioned in 3256) of real property and personal when heretofore or hereafter made by a company organized to operate a line or lines of telegraph, telephone, district telegraph messenger service, or for the purpose of supplying gas or electricity (or hot water), for lighting, fuel or other purposes, shall be held to be duly recorded if the same is recorded in the office of the recorder of deeds in the county and each of the counties in which the real or personal property intended to be mortgaged is situate or employed; and the mortgage so recorded shall be held to be a good and sufficient lien from the date of the filing of the same for record in each county where it is recorded as well upon the personal as the real property of the company."

No question is made as to whether this act can validate the lien of a mortgage recorded before this act took effect. The language of the act and the absurdity of recording again a mortgage that is already recorded, warrant the conclusion that the act is in this sense and to this extent retrospective.

It is claimed, however, that it applies only to mortgages covering both real and personal property. But Pettibone's mortgage in terms includes chattels affixed to the realty. These may be personalty as between the parties while they are at the same time and as to third parties parcel of the realty. And the basis of Pettibone's intervention in this action is this very distinction. His mortgage is executed so as to comply with all requirements of a mortgage of both realty and personalty and we hold that it is a mortgage of both.

It is urged further that this act is class legislation and therefore void as in violation of Section 2 of Article I of the Constitution. We do not agree with this contention. The act points out a method of affording public notice of liens on the property of certain public service corporations that are peculiarly likely to have chattel property extending through various townships of the same and different counties, and much of that property of an incorporeal nature the exact situs whereof by townships is often difficult to determine. We can not say, therefore, that

the Legislature was not actuated by good reason in making this discrimination. Under the authorities we can not hold this act unconstitutional unless we can affirm that no such reason exists.

We hold, therefore, that Pettibone's mortgage constitutes a valid lien on defendant's property. A decree may therefore be taken substantially as in the court below.